IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION STARKS,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. SEAVER, MICHAEL HENNESSEY,<br><br>    Defendants.<br>_____ | No. C 10-0278 MMC (PR)<br><br>**ORDER OF DISMISSAL** |

    On January 20, 2010, plaintiff, a California prisoner incarcerated at the San Francisco County Jail ("SFCJ") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.    <u>Standard of Review</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

Plaintiff alleges that he was provided with inadequate medical attention by Dr. Seaver when plaintiff was incarcerated at the SFCJ in December 1998. Additionally, plaintiff alleges that Sheriff Michael Hennessey failed to adequately address plaintiff's safety concerns at the SFCJ in January 1998. Plaintiff seeks monetary damages.

Plaintiff's claims cannot go forward as they are barred by the applicable statute of limitations. Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). Here, plaintiff has been granted leave to proceed in forma pauperis and, for the reasons discussed below, the Court finds, from the face of plaintiff's complaint, the statute of limitations is a complete and obvious defense to the claims raised herein.

Section 1983 does not contain its own limitations period. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). Rather, the appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983 borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). Effective January 1, 2003, California's general residual statute of limitations for personal injury actions is two years; prior to that date, the limitations period for such actions was one year. See Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). Additionally, a federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989). In California, incarceration of the plaintiff is a disability that tolls the statute for a maximum of two years. See Cal. Civ. Proc. Code § 352.1.

2

A claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of that cause of action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. Here, plaintiff alleges he was injured by jail officials during the period of his confinement at the SFCJ in January and December 1998. Consequently, plaintiff's claims of injury accrued no later than December 1998. As plaintiff had three years from the date on which his claims accrued in which to file his complaint against defendants, he was required to do so by no later than December 2001.[1] Plaintiff, however, did not file the instant action until January 20, 2010.

As plaintiff filed his complaint more than eight years after the statute of limitations had expired, the instant action is time-barred. The Court further finds that plaintiff's complaint, when read with the requisite liberality, contains no allegation that would suggest plaintiff is able to show he is entitled to any period of statutory tolling other than that discussed above. See Jablon v. Dean Witter & Co., 614 F.2d 677, 683 (9th Cir. 1980) (holding complaint may be dismissed on statute of limitations grounds where allegations therein, even when read with required liberality, would not permit plaintiff to prove statute was tolled). Accordingly, the action will be dismissed.

**CONCLUSION**

For the foregoing reasons, the above-titled action is hereby DISMISSED with prejudice as time-barred.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 23, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] The two-year statute of limitations for personal injury actions, which statute became effective January 1, 2003, does not apply retroactively to claims that accrued prior to that date. See Maldonado, 370 F.3d at 954-55. Thus, plaintiff had one year under the pre-2003 statute of limitations, plus, assuming he was continuously incarcerated, an additional two years under the statute that tolls for the disability of imprisonment, in which to file his action.

3